Paul G. Monte, Esq. (Admitted Pro Hac Vice)
eMail: pmonte@pecklaw.com
Mark A. Snyder, Esq. (Admitted Pro Hac Vice)
eMail: msnyder@pecklaw.com
PECKAR & ABRAMSON, P.C.
1325 Avenue of the Americas, 10th Floor
New York, New York 10019
Tel: 212.382.0909

Leon F. Mead II, Esq. (SBN 5719)
eMail: leon@meadlawgroup.com
M. Dason Coronado, Esq. (SBN 16689)
eMail: dason@meadlawgroup.com
MEAD LAW GROUP LLP
7251 W. Lake Mead Blvd., Suite 460
Las Vegas, NV 89128
Tel: 702.745.4800
Fax: 702.745.4805

*Attorneys for MSG LV Construction, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| MSG LV Construction, LLC, a Delaware limited liability company, | Case No.: 2:26-cv-00086-APG-BNW |
| Plaintiff, | **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER** |
| v. | |
| Thyssenkrupp Elevator Corporation, a Delaware corporation, | |
| Defendants. | |
| THYSSENKRUPP ELEVATOR CORPORATION, a Delaware corporation; | |
| Counterclaimant, | |
| v. | |
| MSG LV CONSTRUCTION, LLC, a Delaware limited liability company, and ROES 1 through 10, | |
| Counter-Defendants. | |
| THYSSENKRUPP ELEVATOR CORPORATION, a Delaware corporation; | |
| Third-Party Plaintiff, | |
| v. | |
| MSG LAS VEGAS, LLC, a Delaware limited liability | |

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702 745.4800
F. 702.745.4805

1

company, TRAVELERS CASUALTY & SURETY CO. OF AMERICA, a Connecticut corporation, and MOES 1 through 10,

Third-Party Defendants.

Pursuant to the Discovery Plan and Scheduling Order filed in the above-captioned action, Rule 26(c) of the Federal Rules of Civil Procedure ("FRCP"), and Local Rule ("LR") 26-6, Plaintiff/Counterclaim-defendant MSG LV Construction, LLC ("MSG Construction") and Defendant/Counter-claimant Thyssenkrupp Elevator Corporation ("TKE"), by and through their respective attorneys, hereby submit their Confidentiality Stipulation and Proposed Protective Order ("Protective Order"). MSG Construction and TKE are together referred to as the "Parties" and individually as a "Party."

1.    **Applicability of this Protective Order:**  Except as otherwise indicated herein, this Protective Order does not and will not govern pretrial disclosures of exhibits and witnesses, the pretrial order, and any trial proceedings in this action.  This Protective Order will otherwise be applicable to and govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the FRCP and  or other legal process by or from, or produced on behalf of, a Party in connection with this action (this information hereinafter referred to as "Discovery Material"), which, except as otherwise provided herein, shall be used solely for purposes of this action.  Additionally, as used herein, "Producing Party" or "Disclosing Party" shall refer to the Parties (and nonparties subject to this Protective Order by execution of **Exhibit A**) that give deposition testimony or produce documents or other information in connection with this action.  As used herein, "Designating Party" shall refer to the Party (and nonparty subject to this Protective Order by execution of **Exhibit A**) designating Discovery Material as Confidential or Highly Confidential (defined below). As used herein, "Receiving Party" shall refer to the Parties (including nonparties subject to this Protective Order by execution of **Exhibit A)** in this action that receive such information. As used herein, "Authorized Recipient" shall refer to any person or entity authorized by

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

2

Sections 14 and 15 of this Protective Order to obtain access to Confidential Information, Highly Confidential Information, or the contents of such Discovery Material.

2. **No Waiver:** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the Parties (and nonparties subject to this Protective Order per execution of **Exhibit A**) to this action, without unnecessarily involving the Court, under the Federal Rules for Sealing and Redacting Court Records. Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence at trial. Additionally, this Protective Order will not prejudice the right of any Party or nonparty to oppose production of any information on the ground of attorney-client privilege; work product doctrine or any other privilege or protection provided under the law.

3. **Designation of Information:** Any Designating Party may designate Discovery Material in its possession, custody, or control produced to a Receiving Party as "Confidential" (defined below) or "Highly Confidential" (defined below) under the terms of this Protective Order if the Designating Party in good faith reasonably believes that such Discovery Material contains nonpublic, confidential information as defined in Sections 5 and 7 below. Producing Parties shall have no obligation to review the Discovery Materials they produce, to see if those material are the same, similar, or version of already designated Discovery Materials by a Designating Party. If Confidential Information or Highly Confidential Information is produced via an electronic form on a computer readable medium (*e.g.*, CD-ROM), other digital storage medium, or via Internet transmission, the Designating Party shall affix in a prominent place on the storage medium or container file on which the information is stored, and on any container(s) for such medium, the legend "Includes CONFIDENTIAL INFORMATION" or "Includes HIGHLY CONFIDENTIAL INFORMATION."

4. **Exercise of Restraint and Care in Designating Material for Protection:** Each Designating Party that designates information or items for protection under this Protective Order

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

3

must take care to limit any such designation to specific material that qualifies under the appropriate standards. Good faith must be exercised on a document-by-document basis.

5. **Confidential Information:** For purposes of this Protective Order, "Confidential Information" means all information that constitutes, reflects, or discloses nonpublic information, trade secrets, know-how, or other financial, proprietary, commercially sensitive, confidential business, marketing, regulatory, or strategic information (*e.g.*, business plans or strategies, technical data, and nonpublic designs) (collectively "Cause for Designation"), the disclosure of which the Designating Party believes in good faith might reasonably be restricted by statute, or would likely harm the interests of the Designating Party or nonparties, and/or result in economic or competitive, or business injury to the Designating Party (or its affiliates, personnel, or clients) (collectively "Good Faith Basis") and is not publicly known and cannot be ascertained from an inspection of publicly available sources, documents, material, or devices ("Public Availability"). "Confidential Information" shall also include sensitive personal information that is not otherwise publicly available, such as home addresses; social security numbers; dates of birth; employment personnel files; medical information; home telephone records/numbers; employee disciplinary records; wage statements or earning statements; employee benefits data; tax records; and other similar personal financial information ("Personal Information"). The scope of this Protective Order shall encompass not only those items or things that are expressly designated as Confidential Information, but also any information that can only be derived therefrom, and all copies, photographs, excerpts, and summaries thereof, as well as testimony and oral conversation derived only therefrom or related thereto. The scope of this Protective Order shall also encompass any Confidential Information contained within any compilations, summaries, or excerpts that also contain non-confidential information. A Producing Party as a Designating Party may designate as "CONFIDENTIAL" the Producing Party's compilations of publicly available discovery materials that would not be known publicly in a compiled form.

6. **Information Not Confidential:** The restrictions set forth in this Protective Order shall not be construed to apply to the following information or materials. To avoid dispute, items (b)-(e) below are not confidential information and cannot be designated:

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

4

a) Discovery Material lawfully in the Receiving Party's possession unless and until such information is designated as Confidential Information or Highly Confidential Information in this action, and that the Receiving Party is not otherwise obligated to treat as confidential;

b) Were obtained without any benefit or use of Confidential Information or Highly Confidential Information from a third party having the right to disclose such information to the Receiving Party without restriction or obligation of confidentiality;

c) Were independently developed by personnel, after the time of disclosure and designation, who did not have access to the Producing Party's Confidential Information or Highly Confidential Information;

d) Have been or become part of the public domain by publication or otherwise and not due to any unauthorized act or omission on the part of a Receiving Party; or

e) Under law, have been declared to be in the public domain.

7.    **Highly Confidential Information:**    For purposes of this Protective Order, "Highly Confidential Information" means any Confidential Information (as defined in Section 5) that also includes extremely sensitive, highly confidential, nonpublic information, constituting a trade secret as defined in 18 U.S.C. § 1839(3), the disclosure of which information would create a substantial risk of competitive or business injury to the Designating Party.  A Party may re-designate material originally "CONFIDENTIAL" as "HIGHLY CONFIDENTIAL" by giving notice of such a re-designation to all Parties.

8.    **Designating Confidential Information or Highly Confidential Information Produced by Others:**  If any Party in this action, regardless of whether such Party is a Producing Party, determines in good faith that any information, documents, things, or responses produced in the course of discovery in this action qualifies to be designated as Confidential Information or Highly Confidential Information (the "Designating Party"), it shall advise any Party receiving such material of this fact, and all copies of such document, things, or responses, or portions thereof deemed to be confidential shall be marked "CONFIDENTIAL" or "HIGHLY

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702 745.4800
F. 702.745.4805

5

CONFIDENTIAL" (whether produced in hard copy or electronic form) at the expense of the Designating Party and treated as such by all Parties. A Party may make said designation at any time. However, the designating of Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall have no retroactive effect to prior event; meaning the non-designating Parties are not required to address prior disclosure, filings with the Court, or take any action regarding prior events in light of the designation. If the Designating Party later designates Discovery Material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," nothing in this section shall prevent the Designating Party from attempting to limit disclosure of such material, including by seeking to seal prior filings. Nothing in this section shall extend confidentiality or the protections associated therewith to any information that does not otherwise constitute "Confidential Information" or "Highly Confidential Information" as defined in Sections 5 and 7 herein.

9. **Conflicts between Confidential and Highly Confidential Designations**: To the extent a conflict exists as to any designations of Discovery Material, the greater protection designation controls.

10. **Redaction Allowed:** A Producing Party may redact:

a. From any Discovery Material it produces information that the Producing Party claims is subject to the attorney-client privilege, the work product doctrine, a legal prohibition against disclosure, or any other privilege or protection from disclosure. A Producing Party shall not withhold non-privileged, responsive information solely on the grounds that such information is contained in a document that includes privileged information. All documents redacted based on attorney-client privilege or work product immunity shall be listed in an accompanying privilege/redaction log "describ[ing] the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim" in conformity with FRCP 26(b)(5)(A).

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

b. In compliance with any Court rule, a party may redact information that is both personal and nonresponsive, such as a social security number. A Producing Party may also redact protected or restricted personal information, as defined in 18 U.S.C. § 119(b)(1) and LR IC 6-1, that Producing Party in good faith believes is non-responsive. A Producing Party shall not redact information in an otherwise responsive document solely because the Producing Party believes that the information is non-responsive or not relevant. The disclosure or filing of documents containing protected or restricted personal information shall be governed by applicable rules.

c. The Producing Party shall mark each redaction with a legend stating "REDACTED" and shall preserve an unredacted version of each such document. Where a document consists of more than one page, the page on which information has been redacted shall be so marked.

11. **Use of Confidential Information or Highly Confidential Information:** Except as provided herein, Confidential Information and Highly Confidential Information designated or marked shall be maintained in confidence, used solely for the purposes of this action (including any appeals therefrom), and except as otherwise indicated herein, shall not be disclosed to any person(s) not expressly authorized to receive such information, and shall be handled in such manner until such designation is removed (or waived) by the Designating Party or by order of the Court. Confidential or Highly Confidential Information identified by the Designating Party produced by any Party shall not be used by any Receiving Party for any commercial, competitive, research, development, personal, or other purpose whatsoever. Nothing in this Protective Order shall govern or restrict a Producing Party's use of its own Confidential or Highly Confidential Information in any way.

12. **Use of Confidential Information and Highly Confidential Information in Depositions:** Counsel for any Party shall have the right to disclose Confidential Information or Highly Confidential Information at depositions, provided that such disclosure is consistent with this Protective Order. Any counsel of record may request that all persons not so entitled under

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

this Protective Order to either: (1) execute Exhibit A so they may have access to Confidential Information or Highly Confidential Information (for Non-Party deponents, a copy of the Protective Order should be provided with the notice of deposition and at the time of deposition) or (2) leave the deposition room during the confidential portion of the deposition. Failure of such other persons to comply with a request to leave the deposition shall constitute substantial justification for counsel to advise the witness that the witness need not answer the question where the answer would disclose Confidential Information or Highly Confidential Information. However, nothing in this Order shall preclude a party or its attorneys from: (1) showing a document designated as Confidential or Highly Confidential to an individual who prepared part or all of the document, who has previously reviewed the document, or who is shown by the document to have received it, or (2) examining during a deposition any person currently employed by a party or retained as an expert by a party concerning any Discovery Materials designated by that party as Confidential or Highly Confidential, which use shall not otherwise affect the status and treatment of such Confidential or Highly Confidential Information.

13. **Designation of Deposition Transcripts:** Counsel to any Party may designate portions of a deposition transcript and/or video of any deposition (or any other testimony) as containing Confidential or Highly Confidential Information in accordance with this Order by notifying all other Parties in writing, that it contains Confidential or Highly Confidential Information and designating the specific pages, lines, and/or counter numbers as containing Confidential or Highly Confidential Information. If no confidentiality designations are made within thirty (30) calendar days of the Designating Party receiving the transcript or video, the entire transcript shall be considered nonconfidential. During the thirty (30) day period, the entire transcript and video shall be treated as Confidential Information unless previously designated as Highly Confidential. All originals and copies of deposition transcripts that contain Confidential or Highly Confidential Information shall be prominently marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the cover thereof and, if and when filed with the Court, the portions of such transcript so designated shall be filed under seal. Any DVD or other digital

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

storage medium containing Confidential or Highly Confidential deposition testimony shall be labeled as required herein.

14. **Persons Authorized to Receive Confidential Information:** Confidential Information produced pursuant to this Protective Order may be disclosed or made available only to the Court (and discovery commissioners or special masters appointed pursuant to an order by the Court), court personnel, mediators, or other official who may be appointed by the Court, and to the persons below:

a. A Party, or officers, directors, employees, and agents of a Party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

b. Counsel for a Party (including in-house attorneys, outside attorneys, and paralegal, clerical, and secretarial staff employed by such counsel);

c. Persons retained by a Party to provide litigation support services (photocopying, videotaping, preparing exhibits or demonstrations, document management, organizing, storing, retrieving data in any form of medium, or any other litigation support services). A vendor that solely provides document management, document review, document production, copying or duplication services for a party shall not be required to execute Exhibit A, but shall otherwise be bound to maintain the confidentiality of any Confidential Materials that are provided by the party;

d. Consultants or expert witnesses (together with their support staff) retained for the prosecution or defense of this litigation, provided that such an expert or consultant is not a current employee of a direct competitor of a Party named in this action;

e. Court reporter(s) and videographer(s) employed in this action;

f. Any authors or recipients of the Confidential Information;

g. A witness at any deposition or other proceeding in this action, who shall sign the Confidentiality Agreement attached as "Exhibit A" to this Protective Order before being shown a confidential document;

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702 745.4800
F. 702.745.4805

h.    Any Party, who shall sign the Confidentiality Agreement attached as "Exhibit A" to this Protective Order before being shown a confidential document;

i.    Any translator(s), or interpreter(s) employed in this action;

j.    Any other person as to whom the Parties in writing agree or that the Court in these proceedings so designates.

k.    Jury consultants or trial consultants retained by or on behalf of a party to assist outside counsel for any party in connection with this action, together with technicians, assistants, or mock jurors who (i) are supervised by such consultants; (ii) are not affiliated with any party to this case or their direct competitor; (iii) agree in writing to be bound by confidentiality; and (iv) are not themselves given custody of any Confidential or Highly Confidential Information, nor permitted to remove any presentations, questionnaires or notes taken during the exercise from any room in which the research is conducted.

Any person to whom Confidential Information is disclosed pursuant to subparts (a) through (k) hereinabove shall be advised that the Confidential Information is being disclosed pursuant to an order of the Court, that the information may not be disclosed by such person to any person not permitted to have access to the Confidential Information pursuant to this Protective Order, and that any violation of this Protective Order may result in the imposition of such sanctions as the Court deems proper. Any person to whom Confidential Information is disclosed pursuant to subpart (c), (d), (g), (i), (j) or (k) of this section shall also be required to execute a copy of the form **Exhibit A** prior to the disclosure. The persons shall agree in writing to be bound by the terms of this Protective Order by executing a copy of Exhibit A (which shall be maintained by the counsel of record for the Party seeking to reveal the Confidential Information) in advance of being shown the Confidential Information. No Party (or its counsel) shall discourage any persons from signing a copy of Exhibit A. If a person refuses to execute a copy of Exhibit A, the Party seeking to reveal the Confidential Information shall seek an order from the Court directing that the person be bound by this Protective Order. In the event of the filing of such a motion, Confidential Information may not be disclosed to such person until the

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

10

Court resolves the issue.  Proof of each written agreement provided for under this section shall be maintained by each of the Parties while this action is pending and disclosed to the other Parties upon good cause shown and upon order of the Court.

15.    **Persons Authorized to Receive Highly Confidential Information:**  "HIGHLY CONFIDENTIAL" documents and information may be used only in connection with this case and may be disclosed only to the Court, a discovery commissioner, special master, mediator, and the persons listed in subsections (c), (d), (g), (i), (j) or (k) of Section 14 above, but shall not be disclosed to a Party, or an employee of a Party, unless otherwise agreed or ordered.  Any person to whom Highly Confidential Information is disclosed pursuant to subsections (c), (d), (g), (i), (j) or (k) of Section 14 above shall also be required to execute a copy of the form Exhibit A, and shall be subject to the requirements herein.

16.    **Confidentiality of Party's Own Documents:** Nothing in this Protective Order shall preclude or restrict an owner's right in any way to use or permit the use of his/her/its Confidential Information or Highly Confidential Information as otherwise prescribed.  Nothing herein shall affect the right of the Producing Party to disclose to its officer, directors, employees, attorneys, consultants or experts, or to any other person, its own information, including its own information that is filed under seal by a party. Such disclosure shall not waive the protections of this Protective Order and shall not entitle other parties or their attorneys to disclose such information in violation of it, unless by such disclosure of the Producing Party the information becomes public knowledge.

17.    **Filing of Confidential Information or Highly Confidential Information with Court:**  Any Party seeking to file or disclose materials designated as Confidential Information or Highly Confidential Information with the Court in this Action must seek to file such Confidential or Highly Confidential Information under seal pursuant to FRCP 5.2 and LRIA 10-5.  The Designating Party will have the burden to provide the Court with any information necessary to support the designation as Confidential or Highly Confidential Information.

18.    **Notice to Nonparties:**  Any Party issuing a subpoena to a nonparty shall enclose a copy of this Protective Order and advise the nonparty that it may designate any Discovery

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

11

Material it produces as "Confidential" or "Highly Confidential" under the terms of this Protective Order if the nonparty in good faith reasonably believes that such Discovery Material contains nonpublic, confidential information. This Order shall be binding in favor of nonparty Designating Parties to the maximum extent permitted by law. Any nonparty invoking the Protective Order shall comply with, and be subject to, all applicable sections of the Protective Order. Any Party issuing a deposition subpoena to a nonparty shall: (1) enclose a copy of this Protective Order; (2) include a statement requesting the nonparty execute Exhibit "B" to this Protective Order; (3) advise that if Exhibit "B" is not signed and returned within seven (7) days, any Party could seek a protective order against the nonparty; and (4) schedule the nonparty deposition at least twenty-eight (28) days after the date of service of the notice of intent to serve such subpoena.

19. **Knowledge of Unauthorized Use or Possession:** If a Party receiving Confidential Information or Highly Confidential Information learns of any possession, knowledge, use or disclosure of any Confidential Information in violation of the terms of this Protective Order, said Party shall immediately notify in writing the Designating Party that produced the Confidential Information or Highly Confidential Information. The Party shall promptly furnish the Designating Party the full details of such possession, knowledge, use or disclosure. With respect to such unauthorized possession, knowledge, use or disclosure the Party shall assist the Designating Party in remedying the disclosure (*e.g.*, by retrieving the Confidential Information from an unauthorized recipient) and/or preventing its recurrence.

20. **Copies, Summaries, or Abstracts:** Any copies, summaries, abstracts or exact duplications of Confidential Information shall be marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" and shall be considered Confidential Information or Highly Confidential Information subject to the terms and conditions of this Protective Order. Attorney-client communications and attorney work product regarding Confidential Information or Highly Confidential Information shall not be subject to this section, regardless of whether they summarize, abstract, paraphrase, or otherwise reflect Confidential Information or Highly Confidential Information. This Protective Order shall not bar or otherwise restrict any attorney

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

of record from rendering advice to his or her client solely with respect to this action, and referring to or relying generally upon his or her examination of Discovery Material designated as Confidential or Highly Confidential Information, provided, however, that in communicating with his or her client, the attorney shall not disclose the content or source of such Discovery Material contrary to the terms of this Protective Order.

21. **Challenges to Designations:**  Any Party that has a good faith basis to do so may object to the designation of Confidential Information or Highly Confidential Information on the ground that such information does not constitute Confidential Information or Highly Confidential Information by serving written notice upon counsel for the Designating Party, specifying the item(s) in question and the grounds for the objection.  The Designating Party shall either: (1) indicate is it no longer asserting the designation of Confidential Information or Highly Confidential Information to information at issue and is withdrawing the reference or (2) arrange for a LR 26-6 conference to be held within fourteen (14) calendar days of receipt of a written objection to the designation to attempt to informally resolve the dispute.  Upon conclusion of the LR 26-6 conference if the Parties cannot resolve a challenge without court intervention, the Designating Party asserting confidentiality shall file and serve a motion to retain confidentiality (in the case of an objection to Confidential or Highly Confidential designations) within twenty-one (21) days of the initial notice of challenge or within fourteen (14) days after the parties have held an LR 26-6 conference, whichever is later.  Said Motion by the Designating Party to the Court shall set forth the good faith basis provided by the Designating Party and the objecting Party's grounds for objection.  Failure by the Designating Party asserting confidentiality to timely make such a motion shall automatically waive the confidentiality designation for each challenged designation. The burden of persuasion in any such challenge proceeding shall be on the Designating Party asserting confidentiality.  Any contested information shall continue to be treated as Confidential or Highly Confidential and subject to this Protective Order until such time as such motion has been ruled upon.

22. **Use in Court:**  If any Confidential Information or Highly Confidential Information is used in any pretrial Court proceeding in this action, it shall not necessarily lose its

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

13

confidential status through such use, and the Party using such information shall take all reasonable steps consistent with the Federal Rules governing Sealing and Redacting Court Records, including LR IA 10-5, to maintain its confidentiality during such use.

23. **No Waiver:** This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the parties. Nothing in this Protective Order nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony or other evidence. Additionally, this Protective Order will not prejudice the right of any Party or nonparty to oppose production of any information on the ground of attorney-client privilege; work product doctrine or any other privilege or protection provided under the law. Entry of this Protective Order does not preclude any Party from seeking additional protection or opposing any designation for particular information.

24. **Reservation of Rights:** The Parties each reserve the right to seek or oppose additional or different protection for particular information, documents, materials, items, or things. This Protective Order shall neither enlarge nor affect the proper scope of discovery in this action. In addition, this Protective Order shall not limit or circumscribe in any manner any rights the Parties (or their respective counsel) may have under common law or pursuant to any state or federal statute or regulation, and/or ethical rule.

25. **Inadvertent Failure to Designate:** The inadvertent failure to designate information produced in discovery as Confidential or Highly Confidential shall not be deemed, by itself, to be a waiver of the right to so designate such discovery materials as Confidential Information or Highly Confidential Information. Within a reasonable time of learning of any such inadvertent failure, the Designating Party shall notify all other Parties of such inadvertent failure and take such other steps as necessary to correct such failure after becoming aware of it. Disclosure of such discovery materials to any other person prior to later designation of the discovery materials in accordance with this section shall not violate the terms of this Protective Order. However, immediately upon being notified of an inadvertent failure to designate, all

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

14

Parties shall going forward treat such information as though properly designated, and shall take any actions necessary to prevent any unauthorized disclosure, use, or possession.

26. **No Waiver of Privilege:**  Disclosure (including production) of information after the Parties' entry of this Protective Order that a Party or nonparty later claims was inadvertent and should not have been disclosed because of a including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

27. **Effect of Disclosure of Privileged Information:**  The Receiving Party hereby agrees to promptly return, sequester, or destroy any Privileged Information disclosed or produced by Disclosing or Producing Party upon request; but doing so shall not preclude the Receiving Party from seeking to compel production of those materials, nor constitute an admission that the materials were, in fact, privileged, and the Producing Party must preserve any such documents. If the Receiving Party reasonably believes that Privileged Information has been inadvertently disclosed or produced to it, it shall promptly notify the Disclosing or Producing Party and sequester such information until instructions as to disposition are received.  The Receiving Party may sequester (rather than return or destroy) such Privileged Information only if it contends that the information itself is not privileged or otherwise protected and it challenges the privilege designation, in which case it must sequester the information until the claim of privilege or other protection is resolved.

28. **Challenging Privilege Claims**: If any Party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party of the dispute and the basis, therefore.  The Party asserting the privilege claim shall schedule a meet and confer in good faith regarding the disputed claim within fourteen (14) calendar days after service of the written objection.  In the event that the Parties do not resolve their dispute, the Objecting Party may bring a motion for determination of whether a privilege applies within fourteen (14) calendar days of the meet and confer session, but may only contest the asserted privileges on a ground

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

15

other than the inadvertent production of such document(s). The Parties shall treat the Discovery Material as privileged until such time as such motion has been ruled upon. In making such a motion, the Objecting Party shall not disclose the content of the document(s) at issue, and may refer to the information contained on the privilege log. Nothing herein shall relieve counsel from abiding by applicable ethical rules regarding inadvertent disclosure and discovery of inadvertently disclosed privileged or otherwise protected material. The failure of any Party to provide notice or instructions under this section shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work product, or other ground for withholding production as to which the Disclosing or Producing Party would be entitled in this action.

29. **Inadvertent Production of Non-Discoverable Documents:** If a Producing Party inadvertently produces a document that contains no discoverable information, the Producing Party may request in writing that the Receiving Party return the document, and the Receiving Party will return the document. The Producing Party may not request the return of a document pursuant to this section if the document contains any discoverable information. If a Producing Party inadvertently fails to redact personal information (*e.g.*, a social security number), the Producing Party may provide the Receiving Party a substitute version of the document that redacts the personal information, and the Receiving Party shall return the original, unredacted document to the Producing Party.

30. **Return of Information:** Within thirty (30) calendar days of the final disposition of this action, all Confidential Material and Highly Confidential Material produced by an opposing Party or nonparty (including, without limitation, any copies, extracts or summaries thereof) as part of discovery in this action shall be destroyed by the Parties to whom the Confidential Material and Highly Confidential Material was produced. Upon written request by the Producing Party Party's Counsel to the Receiving Party's Counsel, the Receiving Party's Counsel shall, by declaration delivered to counsel for the Producing Party, affirm that all such Confidential Material and Highly Confidential Material (including, without limitation, any copies, extracts or summaries thereof) has been destroyed; provided, however, that Receiving Party's Counsel shall be entitled to retain pleadings, motions and memoranda in support thereof,

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702 745.4800
F. 702.745.4805

declarations or affidavits, deposition transcripts and videotapes, or documents reflecting attorney work product or consultant or expert work product, even if such material contains or refers to Confidential Material and Highly Confidential Material, but only to the extent necessary to preserve a litigation file with respect to this action.

31. **Attorneys' Fees:**  Nothing in this Protective Order is intended to either expand or limit a prevailing party's right under the FRCP or other applicable state or federal law to pursue costs and attorneys' fees incurred related to confidentiality designations or the abuse of the process described herein.

32. **Injunctive Relief Available:**  Each Party acknowledges that monetary remedies may be inadequate to protect each Party in the case of unauthorized disclosure or use of Confidential Information or Highly Confidential Information that the Receiving Party only received through discovery in this action and that injunctive relief may be appropriate to protect each party's rights in the event there is any such unauthorized disclosure or use of Confidential Information or Highly Confidential Information.

33. **Other Actions and Proceedings:**  If a Receiving Party (a) is subpoenaed in another action or proceeding, (b) is served with a demand in another action or proceeding in which it is a party, or (c) is served with any legal process by one not a Party to this Protective Order, seeking Discovery Materials which were produced or designated as Confidential or Highly Confidential pursuant to this Protective Order, the Receiving Party shall give prompt actual written notice by email or mail to counsel of record for such Producing Party within five (5) business days of receipt of such subpoena, demand or legal process or such shorter notice as may be required to provide the Designating Party with the opportunity to object to the immediate production of the requested Discovery Materials to the extent permitted by law.  The burden of opposing enforcement of the subpoena shall fall upon the party Designating Party who designated the Discovery Material as Confidential Information or Highly Confidential Information.  The Party receiving the subpoena shall not produce any documents in response to the subpoena for fourteen (14) days to allow the Designating Party whose Discovery Material was produced in this case to seek court protection from such production in response to the

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

17

subpoena in the action or proceeding.  Compliance by the Receiving Party with any order directing production pursuant to a subpoena of any Confidential or Highly Confidential Information shall not constitute a violation of this Protective Order, except as expressly found by a court or judicial authority of competent jurisdiction.  Nothing in this Protective Order shall be construed as authorizing a Party to disobey a lawful subpoena issued in another action.

34.   **Execution in Counterparts:**  This Protective Order may be executed in any number of duplicate originals, each of which is deemed an original, and in any number of counterparts, each of which is deemed an original, and all of which together constitute a fully executed agreement (even though all signatures may not appear on the same document).  A signed copy of this Protective Order delivered by facsimile, portable document format (.pdf), or other means of electronic transmission is deemed to have the same legal force and effect as delivery of an original ink signed copy of this Protective Order.

35.   **Modification of Protective Order:**  This Protective Order is without prejudice to the right of any Party to seek a modification of this Protective Order at any time either through stipulation or Order of the Court.

36.   **Limitation:**  This Protective Order shall be without prejudice to any party's right to assert at any time that any particular information or document is or is not subject to discovery, production or admissibility on the grounds other than confidentiality.

/ / /

/ / /

/ / /

/ / /

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702 745.4800
F. 702.745.4805

18

37. **Order Survives Termination:** This Protective Order shall survive the termination of this action, and the Court shall retain jurisdiction to resolve any dispute concerning the use of information disclosed hereunder.

Dated: April 27, 2026

**MEAD LAW GROUP LLP**

_____
Leaon F. Mead, II, Esq.
M. Dason Coronado, Esq.
7251 W. Lake Mead Blvd., Suite 460
Las Vegas, NV 89128

**PECKAR & ABRAMSON, P.C.**

_____
Paul Monte (*phy admission*)
Mark A. Snyder (*phy admission*)
1325 Avenue of the Americas, 10th Floor
New York, New York 10019
*Attorneys for MSG LV Construction, LLC*

**IT IS SO STIPULATED**

**HOLLAND & HART LLP**

/s/ Dirk W. Gaspar
_____
David Freeman, Esq.
Dirk W. Gaspar, Esq.
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
*Attorneys for Thyssenkrupp Elevator Corporation*

All motions to seal must comply with Local Rule IA 10-5, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006), and *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). **IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: _April 28, 2026_

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under the penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER,** on the following parties via the provisions of FRCP 5(b)(1), as well NV R USDCT LR 5-1, and LRC IC 4-1 in the following manner:

☒   BY ELECTRONIC SUBMISSION: Pursuant to Local Rule LR IC 4-1 of the United States District Court for the District of Nevada, the above referenced document was electronically filed and served on all appearing parties through the Notice of Electronic Filing automatically generated by the Court.

Parties Served:

Gregory S. Gilbert, Esq.
Nevada Br No. 6310
David J. Freedman, Esq.
Nevada Bar No. 10045
Dirk W. Gasper, Esq.
Nevada Bar No. 10046
HOLLAND & HART, LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Tel: (702) 669-4600
gsgilbert@hollandhart.com
dfreeman@hollandhart.com
dwgaspar@hollandhart.com

*Attorneys for Thyssenkrupp Elevator Corporation*

Dated: April 27, 2026.

_____
/s/ Irma Mendez_____
An Employee of Mead Law Group LLP

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702 745.4800
F. 702.745.4805

**EXHIBIT "A"**

**<u>CONFIDENTIALITY AGREEMENT</u>**

I, _____ do hereby acknowledge and agree, under penalty of perjury, as follows:

1.      I have read the Stipulated Confidentiality Agreement and Protective Order ("the Protective Order") entered in *MSG LV Construction LLC v. Thyssenkrupp Elevator Corporation,* 2:26-cv-0086-APG-BNW on _____, _____, and I fully understand its contents.

2.      I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court, District of Nevada so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3.      I understand that by signing this instrument, I will be eligible to receive "Confidential Information" and/or "Highly Confidential Information" under the terms and conditions of the Protective Order.  I further understand and agree that I must treat any "Confidential Information" and/or "Highly Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

DATED: _____

_____
(Signature)

_____
(Printed Name)

_____
(Address)

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

**EXHIBIT "B"**

**CONFIDENTIALITY AGREEMENT FOR SUBPOENA RECIPIENTS**

YOU ARE HEREBY NOTIFIED that you have been requested to execute this Confidentiality Agreement and return the same within seven (7) days from the date of service to the Party who issued the subpoena to you. If you fail to sign the below or fail to return an executed Exhibit A within seven (7) days of the date of service, one or more of the parties in this action may bring a motion on shortened time for a petition or motion seeking a Court Order that you be bound by this Exhibit B.

I, _____ do hereby acknowledge and agree, under penalty of perjury, as follows:

1.      I have read the Stipulated Confidentiality Agreement and Protective Order ("the Protective Order") entered *in MSG LV Construction LLC v. Thyssenkrupp Elevator Corporation,* 2:26-cv-0086-APG-BNW on _____, _____, and I fully understand its contents.

2.      I hereby agree and consent to be bound by the terms of the Protective Order and to comply with it in all respects, and to that end, I hereby knowingly and voluntarily submit and subject myself to the personal jurisdiction of the United States District Court, District of Nevada so that the said court shall have the power and authority to enforce the Protective Order and to impose appropriate sanctions upon me for knowingly violating the Protective Order, including punishment for contempt of court for a knowing violation of the Protective Order.

3.      I understand that by signing this instrument, I will be eligible to receive "Confidential Information" and/or "Highly Confidential Information" under the terms and conditions of the Protective Order. I further understand and agree that I must treat any "Confidential Information" and/or "Highly Confidential Information" in accordance with the terms and conditions of the Protective Order, and that, if I should knowingly make a disclosure of any such information in a manner unauthorized by the Protective Order, I will have violated a court order, will be in contempt of court, and will be subject to punishment by the court for such conduct.

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702 745.4800
F. 702.745.4805

22

DATED: _____

_____
(Signature)

_____
(Printed Name)

_____
(Address)

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702 745.4800
F. 702.745.4805

23