Paul G. Monte, Esq. (Admitted Pro Hac Vice)
eMail: pmonte@pecklaw.com
Mark A. Snyder, Esq. (Admitted Pro Hac Vice)
eMail: msnyder@pecklaw.com
PECKAR & ABRAMSON, P.C.
1325 Avenue of the Americas, 10th Floor
New York, New York 10019
Tel: 212.382.0909

Leon F. Mead II, Esq. (SBN 5719)
eMail: leon@meadlawgroup.com
M. Dason Coronado, Esq. (SBN 16689)
eMail: dason@meadlawgroup.com
MEAD LAW GROUP LLP
7251 W. Lake Mead Blvd., Suite 460
Las Vegas, NV 89128
Tel: 702.745.4800
Fax: 702.745.4805

*Attorneys for MSG LV Construction, LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MSG LV Construction, LLC, a Delaware limited liability company,<br><br>        Plaintiff,<br><br>v.<br><br>Thyssenkrupp Elevator Corporation, a Delaware corporation,<br><br>        Defendants. | Case No.: 2:26-cv-00086-APG-BNW<br><br><br>**STIPULATED PROTOCOL GOVERNING PRODUCTION OF ELECTRONICALLY STORED INFORMATION** |
| THYSSENKRUPP ELEVATOR CORPORATION, a Delaware corporation;<br><br>        Counterclaimant,<br><br>v.<br><br>MSG LV CONSTRUCTION, LLC, a Delaware limited liability company, and ROES 1 through 10,<br><br>        Counter-Defendants. | |
| THYSSENKRUPP ELEVATOR CORPORATION, a Delaware corporation;<br><br>Third-Party Plaintiff,<br><br>v.<br><br>MSG LAS VEGAS, LLC, a Delaware limited liability | |

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

1

company, TRAVELERS CASUALTY & SURETY CO. OF AMERICA, a Connecticut corporation, and MOES 1 through 10,

Third-Party Defendants.

Plaintiff/Counterclaim-defendant MSG LV Construction, LLC ("Plaintiff" or "MSG Construction"), Defendant/Counter-claimant Thyssenkrupp Elevator Corporation ("Defendant" or "TKE"), by and through their respective attorneys, do hereby enter into this Stipulated Protocol Governing Production of Electronically Stored Information ("Protocol"). MSG Construction and TKE are together referred to as the "Parties" and individually as a "Party."

1. **Definitions**: In this Stipulation, the following terms have the following meanings:

a. "ESI" means Electronically Stored Information, including, but not limited to, email, Microsoft Outlook, Google Gmail or Lotus Notes, and including any documents or other materials, files, or information incorporated as attachments, electronic calendars, electronic systems such as intranets, project management tools (e.g., Slack; Teams), Wikis, web-based applications, and portals (to the extent any Party has such systems), instant messages or chats, and other electronic documents such as word processing, spreadsheet, PowerPoint, HTML, and text files and any other files stored in an electronic format.

b. "Metadata" means: (i) information embedded in a Native Format file that is not ordinarily viewable or printable from the application that generated, edited or modified such Native Format file; and (ii) information generated automatically by the operation of a computer or other information technology system when a Native Format file is created, modified, transmitted, deleted or otherwise manipulated by a user of such system. Metadata is a subset of ESI.

c. "Native Format" means ESI in the electronic format of the application in which such ESI is normally created, viewed and/or modified.

2. **Scope**: The Parties agree that each producing Party is best situated to evaluate the procedures, methodologies, and technologies appropriate for preservation, collection, and review

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

of their own ESI provided, however, that no Party is waiving any rights it may have to contest a Party's preservation, collection, and review of such Party's own ESI.  Accordingly, this Protocol shall govern only the actual production of ESI and shall in no way affect the Parties' respective rights and obligations concerning the preservation, collection, and review of ESI.  All Parties preserve their attorney-client privileges and other privileges, and there is no intent by this Protocol, or the production of documents pursuant to this Protocol, to in any way waive or weaken these privileges.  Nothing in this Protocol shall limit the Parties' respective rights and obligations concerning confidential, proprietary or private information, with respect to which they may make such agreements or stipulations as they see fit, subject to applicable law.  All documents produced pursuant to this Protocol are fully protected and covered by the Parties' confidentiality agreements, and orders of the Court, as well as any clawback agreements, and protective order(s) of the Court effectuating the same.

3.    **Document Image Format.**  To the extent practicable, ESI and paper documents shall be produced primarily as single-page, uniquely and sequentially numbered CCITT Group IV TIFF (black and white) image files not less than 300 dpi that reflect the full and complete information contained in the original document.  ESI may also be produced in searchable PDF files.  If not practicable, the Parties shall meet and confer regarding alternative, acceptable formats (e.g., JPEG, JPEG2000, GIF, PNG, and BMP).

Each image shall be endorsed with a Bates Number.  The TIFF file shall be named with the document's beginning Bates Number and saved in a folder titled "Images" (with a maximum of 1,000 documents per folder).  The images shall be accompanied by searchable text files containing all extracted text on a document basis, or if extracted text is unavailable (e.g., image PDF files), then searchable text generated using Optical Character Recognition ("OCR") will be provided.  Documents that present imaging or other formatting problems shall be promptly identified and the Parties shall meet and confer to attempt to resolve the problems.

To the extent practical, multi-page text (.txt) files shall be produced for each original file with the Text file named with the same beginning Bates Number as the image version of the file.  The text file shall consist of extracted text from the Native file, except that, if extracted text is not

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

3

available or if a document is redacted, OCR-generated text. The text versions of the documents shall be saved in a folder titled "Text" (with a maximum of 1,000 text files per folder).

The images and text files shall also be accompanied by a cross-reference load file. The producing Party shall also provide a data load file ("Data Load File") that shall contain the agreed-upon coding and/or Metadata, as reasonably available, associated with each field as specified in Schedule A herein. Data Load Files will be provided in Concordance DAT file format, with field name headers and standard Concordance delimiters. The Image Load File will be provided in the OPT and LFP file formats.

The receiving Party may also request that the producing Party produce additional file types of electronic documents in native format where the converted image format distorts or causes images to be unreadable or illegible. The Parties will meet and confer regarding such requests in good faith.

4.   **Native Format Documents.**   Native files shall be produced for all audio files, video files, Excel files, PowerPoint files, Access files, Project or program files, and other native file types which do not readily render into TIFF format. In some cases it may be necessary to produce documents in Native Format because such documents cannot be rendered into TIFF format. In other cases, it may be necessary to alter a native file to create a format suitable for production purposes (*e.g.*, Lotus Notes objects, compiled web pages, etc.). If alteration of a Native Format file is necessary to create a format suitable for production, the Parties will meet and confer to reach an agreement as to an acceptable format. For database records in proprietary systems, the Parties shall produce the records in Excel format when practical; to the extent not practical, the Parties and their respective vendors shall work together regarding the specifics of the production format for database records. Should the Parties be unable to agree as to an acceptable format of production, the receiving Party objecting to the proposed format may bring a noticed motion before the Court demonstrating good cause for why the proposed format is unacceptable and good cause and specific need for a format of production different than what is proposed.

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702 745.4800
F. 702.745.4805

4

All native files will be produced with a placeholder TIFF image with a Bates Number where the document was originally located, along with any confidentiality designation, and the file name of the document.  Each native file will be named with the corresponding unique file name of its TIFF file (*i.e.* beginning Bates Number) and saved in a folder titled "Natives" (with a maximum of 1,000 documents per folder).

Where native files require redaction, to the extent practicable they shall be produced in TIFF/JPG format; if not practicable, the Parties shall meet and confer regarding production format.  Redactions on grounds of attorney-client privilege or attorney work product shall be logged on a privilege log.  Redacted ESI will be OCRed to include all visible (non-redacted) text. Any Metadata fields that contain information subject to redaction shall not be produced, however, the remainder of the Metadata fields for that document that are not subject to redaction shall be produced.

5. **Specific Requests for Production of ESI in Native Format.**  Other than the specific file types described above, after initial production of ESI in TIFF format, a Party must make a showing of good cause demonstrating particularized need for production of other ESI in its Native Format.  In the event that a receiving Party requests production of Native Format ESI, the Parties shall negotiate in good faith about the timing, cost, and method of such production.

6. **Paper/Hard Copy Production Format.**  Where practicable, documents stored in paper form in the ordinary course of business shall be converted to electronic form and produced as single-page, uniquely and sequentially numbered CCITT Group IV TIFF image files not less than 300 dpi resolution to enable the generation of searchable text using OCR.

7. **Document Unitization.**  If hard copy documents are scanned into an electronic form, the unitization of the document and any attachments and/or affixed notes shall be maintained to the extent possible as it existed in the original when collected by the Parties.  If unitization cannot be maintained, the original unitization shall be documented in a load file or otherwise electronically tracked.  For ESI, all unitization should be defined within the Data Load File including the designation of parent/attachments both for email and attachments.

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

5

8. **Parent-Child Relationships.** Separate document(s) (the "child") attached to another document (the "parent') shall be produced contemporaneously and sequentially immediately after the parent document. Parent-child relationships (the association between an attachment and its parent document) shall be preserved. Documents embedded inside other documents (e.g., a Word file embedded inside a PowerPoint file) shall be designated as "attachments" (or words to that effect) to the embedding (parent) file. In the preceding example, the Word document would be designated as an attachment (child) of the PowerPoint file (parent). Attachment Range Fields shall include beginning/ending Bates range, as well as beginning/ending Bates range for attachments or be designated in another appropriate way.

For paper documents, the Parties shall undertake reasonable efforts to preserve parent child relationships within a document family (the association between an attachment and its parent document). The Parties agree to meet and confer to address situations in which a Party believes that parent child relationships have not been adequately preserved.

9. **Color.** Where practicable, if an original document contains color used in a manner material to the import or understanding of the document, the Parties shall produce color image formats of the original. Color documents should be produced as single-page JPEG files. If a receiving Party reasonably believes it is necessary to review an original document containing color, the Parties agree to meet and confer about production of discrete documents in color image format of the original, which production shall not be unreasonably withheld.

10. **Tracked Changes and Comments**. To the extent that a document contains tracked changes or comments, the document should be imaged showing tracked changes and comments.

11. **Password Protected Files.** The Parties shall make reasonable efforts to remove passwords or other security protection from documents prior to production, however, the producing party shall not be required to engage vendors (apart from their respective electronic discovery vendors) solely for the purpose of removing or cracking passwords unless the Parties so agree.

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

6

12. **De-Duplication.** The Parties may de-duplicate documents, but shall use commercially acceptable methods (*e.g.,* MD5 or SHA-1 hash values) to de-duplicate documents and shall perform e-mail thread de-duplication through standard use of commercially available software. If a Party chooses to de-duplicate documents, the Party may only omit from the production documents that are 100% duplicates (e.g., if a document was prepared in several copies, or if additional copies were subsequently made, and any such copies were not identical or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including, without limitation, handwritten notations on the front or back of the document, all such existing non-identical copies shall be produced). When the latest version of an email thread is considered privileged and withheld from production, the Parties are obligated to "re-thread" the most complete non-privileged earlier emails in the thread and produce such non-privileged emails.

13. **Email Thread Suppression.** The Parties may also de-duplicate e-mails and e-mail chains in such a way as to eliminate earlier or incomplete chains of e-mails, and to produce only the most complete iteration of an e-mail chain. If it does so, the producing Party shall ensure that 100% of the relevant e-mail messages are included in the produced "complete" chain. For the avoidance of doubt, an email that includes an attachment or content in the BCC or other blind copy fields shall not be treated as a lesser included version of an email that does not include the attachment or content, even if all remaining content in the email is identical. If it appears to the receiving Party that specific documents are missing/otherwise should be produced after production, the receiving Party may request that individual pieces of the chain be produced, the production of which shall not be unreasonably withheld.

14. **Bates Numbering.** Each page of a produced document shall have a legible, unique page identifier ("Bates Number") electronically "burned" onto the image at a location that does not unreasonably obliterate, conceal, or interfere with any information from the source document. The Bates Number for each document shall be created so as to identify the producing Party or non-party and the unique document number (e.g., "ABC0000001").

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

15. **File Naming Conventions.**  Each page image file shall be named with the unique Bates Number of the page of document, followed by the extension ".TIF" when available.  In the event the Bates Number contains a symbol and/or character that cannot be included in a file name, the symbol and/or character will be omitted from the file name.  Each native file shall retain its original final name, followed by the document type extension (e.g., ".DOC", ".PDF", ".XLS", ".HTM", etc.).

16. **Production Method.**  The Parties will produce document images, Native Format files, load files, and Metadata as encrypted data on DVD-ROM optical discs for Windows-compatible personal computers, Windows-compatible external hard drive employing the USB 2.0 interface, or other mutually agreeable media or via a FTP site or secure file transfer.  The Parties will meet and confer concerning the appropriate process for doing so.

17. **Meta-Data; Schedule A.**  The following metadata fields associated with each electronic document shall be produced to the extent available:

**Schedule A**

| Field Name | Description | Required for: |
| --- | --- | --- |
| Production Begin Bates | Start Bates | All |
| Production End Bates | End Bates | All |
| Production Begin Attach | Family Start Bates | All |
| Production End Attach | Family End Bates | All |
| Attachment Count | Number of Attachments | All |
| Confidentiality Branding | Confidentiality Designation | All |
| Custodian | Mailbox where the email resided; individual from whom the documents originated | All |
| AllCustodian | For de-duplicated documents; all individuals who possessed a copy of the document | All |
| Author | Author | Attachments/loose files |
| From | From | Email only |
| To | Recipient(s) | All |

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

8

| Field Name | Description | Required for: |
|---|---|---|
| CC | Carbon copy recipient(s) | All |
| BCC | Blind carbon copy recipient(s) | All |
| Subject | Subject of the email | Email only |
| DateSent | Date the email was sent | Email only |
| Time Sent | Time the email was sent | Email only |
| File Name | File name | Attachments/loose files |
| File Extensions | File Extensions | Attachments/loose files |
| File Size | Size of file | Attachments/loose files |
| DateCreated | Internal date created unless unavailable | Attachments/loose files |
| Last Date Modified | Date the file was last modified/saved | Attachments/loose files |
| Native File | Loading path for any native file | Any documents produced in Native Format |
| Text Path | Loading path for any text file | All |
| Has Redactions | Can indicate if a document is redacted | Any documents produced with redactions |
| Hash/MD5 Hash | Hash value | All |

To the extent a custodian uses a non-Microsoft-based operating system (e.g., MacOS) and the custodian's files do not contain the same metadata fields as listed above, the Party shall produce all substantially equivalent metadata fields for that those files.

Where alterations have been made by the Parties to static (i.e., TIFF) images (e.g., comments added to Adobe PDF documents include notes, highlights, stamps, Word documents with track changes or comments, or any other markup), non-privileged alterations or mark-ups shall be produced to the extent they exist.

Subsequent to the production of the ESI in TIFF format, a receiving Party may request that the producing Party provide additional metadata information not already provided in accordance with the list above or that the producing Party produce certain imaged files in an

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

9

alternative format.  The requesting Party shall provide a list of Bates Numbers for the imaged documents covered by the request, as well as an explanation for why the additional metadata or the alternative format is being requested.  The producing Party shall have fourteen (14) days to object to the request in writing, setting forth the basis for the objection, or agree to provide the requested additional metadata or make the documents available in alternative format.  If the Parties are unable to agree regarding a request, the Parties may submit the matter to the Court.  The requesting Party shall pay for costs for the additional metadata or alternative format requested if the producing Party agrees to or is ordered by the Court to provide the additional information.

18.    **Third-Party Software**:  To the extent that documents produced pursuant to this Protocol cannot be rendered or viewed without the use of proprietary third-party software, the Parties shall meet and confer to minimize any expense or burden associated with the production of such documents in an acceptable format, including issues as may arise with respect to obtaining access to any such software and operating manuals which are the property of a third party.

19.    **Exceptions to Protocol.**  If the forms of production allowed by this Protocol present an undue burden or cost for a Producing Party, the parties shall meet and confer to agree on a reasonable, alternative form of production.  Any agreement between the Parties to depart from the requirements of this Protocol as between those Parties must be memorialized in writing, signed by counsel for all Parties to the agreement, and promptly furnished to all Parties via email.  Such agreement does not relieve those Parties of their obligation to other Parties and to the Court pursuant to this Protocol.  Any party may file a motion to seek individual relief from this Protocol.

20.    **Privilege Logs.**  The privilege logs must be sufficiently detailed to allow informed evaluation of why the document is privileged or otherwise immune from discovery.  A privilege log should include the following information:

    a.    control number or bates beginning–bates end;
    b.    the author (and their capacity) of the document;
    c.    the date on which the document was created;

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702 745.4800
F. 702.745.4805

10

       d. the recipient;

       e. the sender;

       f. other individuals with access to the document (and their respective capacities);

       g. file name/subject; a brief summary of the subject matter of the document;

       h. the nature of the claimed privilege (i.e., attorney-client, work-product, etc.).

The producing Parties will make reasonable efforts to produce privilege logs in Excel, Word, PDF, or a similar electronic format that allows text searching and organization of data. The Parties will continue to meet and confer regarding the format of privilege logs, if necessary, in a good faith effort to reasonably accommodate format preference. As the Parties make rolling productions, the privilege log corresponding to each iterative rolling production should be produced within 30 days thereof and at least 10 days prior to a custodian's deposition provided that the 10-day limitation does not truncate the overall 30-day period. The Parties may modify the deadlines for production of privilege logs by agreement.

A privilege log need only include the top email of a privileged email chain, where email threading is applied in accordance with Paragraph 13, but this shall not serve as a basis for withholding any non privileged portions within that email chain. The Parties will meet and confer as to any good faith challenges thereto.

If a Party redacts any produced document on the basis of privilege, the Party will provide a redaction log identifying each document that contains a redaction and the reason for the redaction in accordance with Section 4. Providing and identifying PPI redactions in a redaction log is specifically excluded and not required.

Documents withheld for privilege that were generated after the Complaint was filed in this case need not be included on a privilege log.

The Parties shall make reasonable efforts to include the entries of all prior privilege logs in each subsequent privilege log and note any subsequent modifications to or withdrawals of prior designations, which is intended to contain the most current and full status of privilege. However, to the extent there is any scrivener's error in subsequent privilege logs, such error shall not constitute waiver of privilege.

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

21. **Costs of Production.** The Parties reserve the right to petition the Court to shift the cost of the production of ESI to the requesting Party in accordance with the Federal Rules of Civil Procedure and the local rules for the United States District Court, District of Nevada ("Local Rules").

22. **Confidentiality.** The confidentiality of ESI produced in accordance with the instant Protocol will be governed by any protective orders regarding confidentiality entered by the Court in this action.

23. **Obligations of the Parties**. Except as expressly stated, nothing in this Protocol affects the parties' discovery obligations under the Local Rules.

24. **No Obligation to Convert Third Party Productions**. The Parties agree that any document production received from a third party shall be produced in the format in which it was received.

25. **Original Documents**: Nothing in this Protocol shall eliminate or alter any Party's obligation to retain Native Format copies, including associated Metadata, of all ESI produced in this matter and original hard copy documents for all paper documents produced in the matter.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

26.     **Reservation of Rights.**   Nothing contained herein, is intended to create a precedent for, or to constitute a waiver or relinquishment of, any Party's objections or arguments pertaining to any potential future ESI production(s).   Nothing contained herein constitutes a waiver of any Party's rights or obligations under any law, including but not limited to laws regarding any matter or information that is or may be claimed to be privileged, confidential, proprietary, or otherwise personal or private.

27.

Dated: April 27, 2026

**MEAD LAW GROUP LLP**

_____

*Ledon F. Mead, II, Esq.*
*M. Dason Coronado, Esq.*
*7251 W. Lake Mead Blvd., Suite 460*
Las Vegas, NV 89128

**PECKAR & ABRAMSON, P.C.**

_____

Paul Monte (*phy admission*)
Mark A. Snyder (*phy admission*)
1325 Avenue of the Americas, 10th Floor
New York, New York 10019
*Attorneys for MSG LV Construction, LLC*

**IT IS SO STIPULATED**

**HOLLAND & HART LLP**

*/s/ Dirk W. Gaspar*
David Freeman, Esq.
Dirk W. Gaspar, Esq.
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
*Attorneys for Thyssenkrupp Elevator Corporation*

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE

Dated: _April 28, 2026_

Mead Law Group LLP
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702.745.4800
F. 702.745.4805

**CERTIFICATE OF SERVICE**

I, the undersigned, declare under the penalty of perjury, that I am over the age of eighteen (18) years, and I am not a party to, nor interested in, this action. On this date, I caused to be served a true and correct copy of the foregoing **CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER,** on the following parties via the provisions of FRCP 5(b)(1), as well NV R USDCT LR 5-1, and LRC IC 4-1 in the following manner:

☒   BY ELECTRONIC SUBMISSION: Pursuant to Local Rule LR IC 4-1 of the United States District Court for the District of Nevada, the above referenced document was electronically filed and served on all appearing parties through the Notice of Electronic Filing automatically generated by the Court.

Parties Served:

Gregory S. Gilbert, Esq.
Nevada Br No. 6310
David J. Freedman, Esq.
Nevada Bar No. 10045
Dirk W. Gasper, Esq.
Nevada Bar No. 10046
HOLLAND & HART, LLP
9555 Hillwood Drive, 2nd Floor
Las Vegas, NV 89134
Tel: (702) 669-4600
gsgilbert@hollandhart.com
dfreeman@hollandhart.com
dwgaspar@hollandhart.com

*Attorneys for Thyssenkrupp Elevator Corporation*

Dated: April 27, 2026.

/s/ Irma Mendez_____
An Employee of Mead Law Group LLP

**Mead Law Group LLP**
7251 W Lake Mead Blvd
Suite 460
Las Vegas, NV 89128
T. 702 745.4800
F. 702.745.4805